## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRYIONE K. MOORE** | * | |
| **2102 Jefferson Street** | | |
| **Baltimore, MD 21205** | * | |
| | | |
| *Plaintiff,* | * | |
| | | |
| **v.** | * | **Civ. Action No.: 1:16-cv-3546** |
| | | |
| **BLIBAUM & ASSOCIATES, P.A.** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| **Serve on:** | * | |
| | | |
| **Gary S. Blibaum** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Bryione K. Moore ("Ms. Moore") by and through undersigned counsel and for her Complaint against Blibaum & Associates, P.A., alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.     The Plaintiff alleges that the collection practices of Defendant violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt. These collection practices include garnishing the Plaintiff's wages on an amount including 10 percent post judgment interest when the applicable statutory rate of post judgment interest is limited to 6 percent.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights

to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory damages, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.     The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

8.     The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–303, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## JURISDICTION AND VENUE

9.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

12.     Plaintiff Bryione K. Moore is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md.Ann. Code, Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

13.     Plaintiff Bryione K. Moore is also a "person" as that term is defined by the MCDCA and the MCPA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as defined by the MCDCA because it involves and arises out of the seeking or acquiring of real property for personal, family or household purposes.

4

14.     Blibaum & Associates, P.A. is a corporation that engages in the practice of law and the practice of debt collection in the state of Maryland. Blibaum & Associates, P.A. is also licensed as a debt collector in Maryland.

15.     At all relevant times, Blibaum & Associates, P.A. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff to another. Blibaum & Associates, P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

16.     At all relevant times Blibaum & Associates, P.A. acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA. Specifically, Blibaum & Associates, P.A. is a person collecting or attempting to collect an alleged debt arising out of a consumer transaction.

**FACTUAL ALLEGATIONS**

17.     On March 23, 2012, Plaintiff Bryione K. Moore was sued by Peak Management LLC which alleged that she owed amounts due on a residential lease. Specifically, the lawsuit claimed that Plaintiff, along with a co-occupant whose name is Keona Pompey, owed the following amounts: a principal balance of $3,606.47, pre-judgment interest of $597.96, and attorneys' fees in the amount of $540.97. This lawsuit resulted in an affidavit judgment being entered against Keona Pompey on June 11, 2012, and an affidavit judgment being entered against Plaintiff Bryione K. Moore on March 4, 2013, for $3,606.47, plus pre-judgment interest of $989.01, plus costs of

5

$123.00, plus attorney fees of $540.09. This judgment will be referred to as the "subject debt."

18.     Under Maryland law, the general rule is that the legal rate of interest on a judgment is 10 percent per annum on the amount of the judgment. A different legal rate of interest, six percent per annum, applies on a money judgment for rent of residential premises.

19.     On June 23, 2016, Defendant served a request for garnishment of wages upon the State of Maryland's Central Payroll Bureau, which began garnishing the Plaintiff's wages at the rate of $150.00 per month. A $2.00 "wage garnishment fee" is also deducted from the Plaintiff's bi-weekly paycheck.

20.     On August 5, 2016, the Central Payroll Bureau forwarded $150.00 to Blibaum & Associates, P.A. pursuant to the garnishment.

21.     On September 1, 2016, Defendant Blibaum & Associates, P.A. mailed to the Plaintiff a "Judgment Creditor's Monthly Report" accounting for the $150.00 received pursuant to the wage garnishment. In this accounting, Defendant Blibaum & Associates, P.A. stated that it was collecting post judgment interest of 10% and that the entire $150.00 was being applied to reduce the amount of pre and post judgment interest that had accrued through that date.

22.     On September 29, 2016, Plaintiff, through undersigned counsel sent correspondence to Defendant requesting that the Defendant verify the amounts it claimed was owed on the judgment and requesting that Defendant provide the factual and legal basis for charging 10% interest on the subject debt.

23.     As of the time of filing this Complaint, Defendant has not responded.

24.     As of October 19, 2016, the Defendant had garnished a total of $600.00 from the Plaintiff's paychecks and caused a total of $16.00 in "wage garnishment fees" to be deducted from the Plaintiff's paycheck.

25.     The subject debt is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the property that is the subject of the transaction was used primarily for personal, family, or household purposes.

26.     The judgment is also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA because it involved and arose out of the seeking or acquiring of real property for personal, family or household purposes.

27.     Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

28.     The conduct of Defendant Blibaum & Associates, P.A. violates the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) which provide:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt . . .
>
> § 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29.    The conduct of Defendant Blibaum & Associates, P.A. also violates Md. Code Ann., Com. Law § 14-202(8) because the conduct constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

30.    As a result of the Defendant's acts, the Plaintiff suffered from emotional distress, stress, anger and frustration. The Plaintiff is a single mother who lives on a very limited income, and she is barely able to make ends meet. Any amount paid above and beyond what the Defendant can legally collect negatively affects the livelihood of the Plaintiff and her son.

## COUNT I
## <u>Violation of the Fair Debt Collection Practices Act</u>

31.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

32.    In its collection of the aforementioned judgment, Defendant Blibaum & Assoicates, P.A. materially violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) of the FDCPA by garnishing the Plaintiff's wages on a balance that is inflated due to the application of a higher rate of interest than allowed by Maryland law.

33.    As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and

8

conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

## COUNT II
## Violation of the Maryland Consumer Debt Collection Act

34.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

35.    In its collection of the aforementioned judgment, Defendant Blibaum & Associates, P.A. materially violated § 14-202(8) of the MCDCA by garnishing the Plaintiff's wages on a balance that is inflated due to the application of a higher rate of interest than allowed by Maryland law. Defendant is charged with knowledge of the law and therefore knew or should have known that it had not right to the inflated amount it is collecting.

36.    As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from emotional distress, stress, anger and frustration.

## COUNT III
## Violation of the Maryland Consumer Protection Act

37.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

38.    Plaintiff is a consumer as defined by the CPA, Md. Code Ann., Com. Law § 13-101(c).

39.    Section 13-303(5) of the CPA prohibits unfair or deceptive trade practices in the collection of consumer debts.

40.   Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

41.   Defendant Blibaum & Associates, P.A. violated the CPA through its aforementioned violations of the MCDCA.

42.   As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, stress, anger and frustration.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant, as follows:

a.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in the amount of $15,000.00;

b.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) (A);

c.   Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

d.   For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: October 25, 2016            Respectfully Submitted,


/s/  E. David Hoskins
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com


/s/ Doris N. Weil
Doris N. Weil , Esq., No. 19679
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dorisweil@hoskinslaw.com