## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRYIONE K. MOORE      *
     *
     *
v.      *     Civil No. – JFM-16-3546
     *
BLIBAUM & ASSOCIATES, P.A.      *
     ******



### MEMORANDUM

Plaintiff has brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* She also asserts a claim under the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §14201 *et seq.* Defendant has filed a motion to dismiss. The motion will be granted.

Peak Management, LLC, obtained a judgment against plaintiff for damages in the amount of $3,606.47, plus $989.01 in pre-judgment interest, $123.00 in costs, and $540.09 in attorney's fees. Peak had previously obtained a judgment against a co-defendant, Keona Pompey, with whom plaintiff was jointly and severally liable, in the same principal amount.

Plaintiff did not satisfy the judgment against her. Peak was entitled to garnish 25% of Moore's net pay based on Maryland law. That would constitute approximately $200 every two weeks. Plaintiff, however, contacted defendant, asking that the amount of garnishment be reduced due to her inability to afford the garnishment. Defendant agreed to reduce her garnished amount to $75.00 biweekly, and also agreed to hold all interest in abeyance from June 27, 2016 onwards. However, if defendant stopped receiving payments, interest, including interest previously held in abeyance, would be charged.

1

Interest was to be calculated at 10%. This is the amount recorded in the District Court of

Maryland in which the judgment was obtained. There is a dispute between the parties as to

whether interest should be calculated at 10% or 6% under Maryland Cts. & Jud. Proc., §11-107.[1]

Of course, as stated above, if plaintiff continues to make the $75.00 in biweekly payments, she

will be charged zero interest.

The motion to dismiss is based upon Fed. R. Civ. P. 12(1). Defendant challenges the

jurisdiction of this court to consider plaintiff's claims. In support of its motion, defendant cites

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), in which the Supreme Court held that a plaintiff

"must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1547.

Plaintiff has failed to state any injury in fact. She does allege that she suffered emotional

harm by the garnishment lodged against her. However, she does not contest the judgment that

was entered against her, and she admits that defendant agreed to reduce the amount of the

payments to be made pursuant to the garnishment. Plaintiff also contends that she was not

appropriately credited with any payments made by her co-defendant. However, the co-defendant

filed for bankruptcy, and the schedules filed in the bankruptcy proceeding indicates that any

payments made by the co-defendant were less than the amount of the interest owed.

In light of the fact that I am dismissing the federal claim, I likewise dismiss plaintiff's

supplemental claim under the Maryland Consumer Debt Collection Act.

A separate order effecting the ruling made in this memorandum is being entered

herewith.

---

[1] I do not reach the question of whether the rate of interest that can be charged pursuant to Md. Cts. & Jud. Proc., § 11-107 is 10% or 6%. If plaintiff fails to make her $75 payments, that issue can be raised in Baltimore County.

Date:   2/2/17

J. Frederick Motz
United States District Judge